IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00892-MSK-KLM

DONALD L. ETHERTON,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Defense Expert Jerry Ogden** [Docket No. 25; Filed January 18, 2011] (the "Motion").  On February 9, 2011, Defendant filed a Response [Docket No. 29] in opposition to the Motion.  Plaintiff seeks an order striking Defendant's accident reconstruction expert, Mr. Jerry Ogden ("Ogden"), as an expert witness and precluding Defendant from introducing Ogden's expert report as evidence at trial.  Plaintiff contends that such an order is warranted as a sanction pursuant to Fed. R. Civ. P. 37(c) for Defendant's failure "to disclose a complete statement of all of [Ogden]'s opinions as well as the complete data and other information considered by [Ogden] when forming his opinions in this case."  *Motion* [#25] at 1-2.  Plaintiff explains that Defendant's Expert Disclosures Pursuant to F.R.C.P. 26(a)(2) [Docket No. 29-1] did not include "five pages of mathematical calculations" that Ogden created when producing his

expert report. *Id.* at 2; *see Ogden's Calculations* [Docket 25-3].[1] Plaintiff argues that he was prejudiced by Defendant's failure to include these five pages in its disclosures because he could have reviewed the calculations and questioned Ogden about them at his (Ogden's) deposition. *Id.* at 2-3 ("The failure by Defendant to provide Mr. Ogden's entire file has drastically hampered Plaintiff's counsel's ability to prepare both for his deposition an the eventual trial[.]"); *id.* at 3 ("Had Mr. Ogden's calculations been produced, Plaintiff would have had an option of conferring with an expert prior to taking Mr. Ogden's deposition."). Plaintiff further argues that the prejudice he has suffered "cannot be cured at this point." *Id.* at 3.

In response, Defendant contends that its Expert Disclosures [#29-1] complied with the requirements of Fed. R. Civ. P. 26(a). *See Response* [#29] at 2-3 ("While Mr. Ogden's notes regarding these calculations were not included in his expert report, the report does specifically identify the methods he employed in his analysis, and the static data used in his calculations."); *id.* at 8 ("Rule 26 does not require the disclosure of draft expert reports, and it certainly does not require disclosure of calculations, as Plaintiff contends."). Defendant further contends that even if its Expert Disclosures were insufficient because they did not include Ogden's five pages of calculations, "Plaintiff has not demonstrated any substantive prejudice occasioned by the failure to disclose" the calculations. *Id.* at 3; *see also id.* at 7 ("Although Plaintiff should have known that Mr. Ogden's engineering analysis would likely involve calculations, Plaintiff never requested that documentation of those

---

[1] Plaintiff obtained the five pages of calculations at issue pursuant to a subpoena duces tecum served on Ogden. *Motion* [#25] at 2; *see Amended Subpoena Duces Tecum to Jerry Ogden* [Docket No. 25-2]. The subpoena directed Ogden to produce certain documents when he appeared for his deposition. *Amended Subpoena Duces Tecum to Jerry Ogden* [#25-2] at 1.

calculations be produced at any time prior to the date of [Ogden's] deposition."). Finally, Defendant asserts that if the Court does find that Plaintiff was prejudiced, "preclusion of [Ogden]'s testimony in its entirety is unwarranted because less severe sanctions are available to cure any [ ] prejudice." *Id.* at 3.

The Court agrees with Defendant that "Fed. R. Civ. P. 26(a)(2)(B) does not require the production of every scrap of paper with potential relevance to an expert's opinion." *Response* [#29] at 3. Instead, the Rule requires, in relevant part, that Defendant disclose (1) a complete statement of Ogden's opinions and the basis and reasons for them, (2) the facts or data Ogden considered in forming his opinions, and (3) any exhibits that will be used to summarize or support Ogden's opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(I) - (iii). "The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006).

The Court finds that Defendant's Expert Disclosures [#29-1] complied with the Rule. Defendant disclosed Ogden's expert report, which contained all of the facts and static data that Ogden considered in reaching the report's conclusion. *See id.* at 1121-22 (There is no "suggestion in Rule 26(a)(2) that an expert report is incomplete unless it contains sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report."); *id.* at 1122 n.55 (Rule 26(a)(2) does not "require that an expert report contain all the information that a scientific journal might require an author of a published paper to retain."). And Defendant will not use Ogden's calculations [#25-3] or undisclosed exhibits to support or summarize Ogden's opinions. In

short, Ogden's expert report and his testimony will stand on their own.

Defendant was not required to disclose Ogden's calculations because they are "working notes." *Id.* at 1121 ("Rule 26(a)(2)'s requirements that the expert's report include his opinions and reasoning and 'the data or other information considered by the witness in forming the opinions' do not, however, require that the expert report contain, or be accompanied by, all of the expert's working notes or recordings." (quoting Fed. R. Civ. P. 26(a)(2))); *accord Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 35 (1st Cir. 2004) (holding same); see *also* Fed. R. Civ. P. 26(b)(4)(B) (stating that the trial preparation protections of Rule 26(b)(3)(A) and (B) apply to "drafts of any [expert] report or disclosure required under Rule 26(a)(2), **regardless of the form in which the draft is recorded**") (emphasis added); *cf. Cook*, 580 F. Supp. 2d at 1122-23 ("Any suggestion that an opposing expert must be able to verify the correctness of an expert's work before it can be admitted . . . misstates the standard for admission of expert evidence under [Fed. R. Evid.] 702."). Rule 26(a)(2) does not require a party to disclose all of its expert's notes, calculations, and preliminary analysis.  *Cook*, 580 F. Supp. 2d at 1121-22; *see also In re Xerox Corp Securities Litigation*, __ F. Supp. 2d __ , 2010 WL 3925986, at *9 (D. Conn. Sept. 30, 2010) ("The court concludes that it was not necessary for the [expert's] initial regression analysis to be contained in the [expert] report" that was disclosed pursuant to Rule 26(a)(2).); *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003) (Rule 26(a)(2) "does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion . . . Nor does it require the expert to anticipate every criticism and articulate every nano-detail that might be involved in defending the opinion[.]").

Because the Court finds that Defendant's Expert Disclosures [#29-1] complied with Fed. R. Civ. P. 26(a)(2), striking Ogden's testimony and precluding introduction of his report pursuant to Fed. R. Civ. P. 37(c) is not warranted. *See Cook*, 580 F. Supp. 2d at 1121-22; *see also McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony."). The Court further finds that Plaintiff has not demonstrated that he was substantially or irreversibly prejudiced by the fact that he did not have Ogden's calculations in advance of Ogden's deposition. *See Cook*, 580 F. Supp. 2d at 1121-22; *see also Harvey v. District of Columbia*, 949 F. Supp. 874, 877-78 (D.D.C. 1996) (denying a motion to preclude expert testimony even though the expert report that was disclosed was "woefully inadequate under Fed. R. Civ. P. 26(a)(2)(B)" because the moving party was not prejudiced by the inadequacy). Moreover, as Defendant points out, Plaintiff's subpoena duces tecum to Ogden could have directed him to produce documents before, rather than at, the deposition. Instead, Plaintiff chose to have Ogden bring documents with him to his deposition. Therefore, it is somewhat disingenuous for Plaintiff to complain now that he was prejudiced because he did not have Ogden's calculations in advance of the deposition.

Nevertheless, in an abundance of caution, the Court finds that it is appropriate to allow Plaintiff to reopen Ogden's deposition for the strictly limited purpose of questioning him about his calculations [#25-3]. *See Harvey*, 949 F. Supp. 874 at 878 (although trial was just fourteen days away, the court allowed defendant to depose plaintiff's expert witness because the disclosed expert report was inadequate); *Old Country Toyota Corp. v. Toyota Motor Distribs., Inc.*, 168 F.R.D. 134, 137 (E.D.N.Y. 1996) ("The court denies the request to preclude any expert testimony. Instead, the court grants [defendant] the

additional right to take the deposition of [plaintiff]'s expert for the purpose of ascertaining the basis and reasons for his opinions[.]") (internal quotation marks omitted).  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED**.

    IT IS FURTHER **ORDERED** that on or before **March 11, 2011** Plaintiff may depose Mr. Jerry Ogden for no more than **one hour**.  Plaintiff's questions at this deposition must directly relate to Ogden's five pages of calculations [#25-3] and to how Ogden relied on the calculations when formulating his expert report.  Plaintiff is not permitted to explore any additional subjects at the deposition.

    DATED:    February 18, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge