IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00892-MSK-KLM

DONALD L. ETHERTON,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY,

      Defendant.

---

OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court pursuant to Defendant Owners Insurance Company's ("Owners") Motion for Summary Judgment **(# 23)**, Mr. Etherton's response **(# 33)**, and Owners' reply **(# 34)**.[1]

According to the Complaint **(# 2)**, in 2007, Mr. Etherton was involved in an auto accident in which he suffered injuries. He made, and subsequently settled, a claim against the other driver's insurance for the full policy limits. In July 2009, he made a claim on the underinsured motorist coverage in his own policy with Owners for medical and other expenses that remained unpaid. The parties exchanged correspondence for several months, with Owners requesting various items of information and Mr. Etherton responding that he had already provided the requested information to Owners.

---

[1] Also pending is the parties' Joint Motion **(# 24)** pursuant to Fed. R. Evid. 702. Because the relief requested in that motion takes the form of an *in limine* hearing on the parties' Rule 702 Objections, and hearing is scheduled, the motion is deemed to be granted.

On December 30, 2009, Owners offered to settle Mr. Etherton's claim for $150,000.  Mr. Etherton requested an explanation for Owners' valuation of the case in that amount, but also requested that Owners tender the $ 150,000, on the theory that Owners had effectively acknowledged that it did not dispute that Mr. Etherton's uncompensated injuries amounted to <u>at least</u> $150,000.  Owners declined to tender the sum while the Mr. Etherton continued to dispute the remaining amount due under the policy, and Mr. Etherton then commenced this litigation.

Mr. Etherton's Complaint alleged four causes of action: (i) breach of insurance contract by failing to pay the full amount of underinsured motorist coverage claimed by Mr. Etherton; (ii) willful and wanton breach of contract, resulting from Owners' repeated demands for and refusal to consider information that Mr. Etherton had already provided; (iii) violation of the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101 *et seq.*, in that Owners deceptively marketed their claims-handling services as being honest, prompt, expeditious, and meaningful when, in fact, they are not; and (iv) violation of C.R.S. § 10-3-1115, which requires prompt payment by an insurer of first-party claims for benefits (*i.e.* a statutory bad faith breach claim).

Owners moves for summary judgment on certain claims by Mr. Etherton: (i) with regard to the willful and wanton breach claim, Mr. Etherton cannot recover non-economic damages because C.R.S. § 13-21-102.5(6)(a)(II) permits such damages only when expressly provided for by the policy, and the policy at issue here does not provide for them; (ii) with regard to the CCPA claim, Mr. Etherton cannot prove a public impact; (iii) with regard to the breach of contract and statutory bad faith breach claims, Owners cannot be liable for failing to tender the $150,000 it offered in settlement of Mr. Etherton's claims when Mr. Etherton continued to dispute the value of the claim.

In response, Mr. Etherton indicated that he would voluntarily withdraw his claims for willful and wanton breach and his CCPA claim, leaving only the question of whether Owners should be granted summary judgment on the breach of contract/bad faith breach claims to the extent that Mr. Etherton alleges that the failure to tender the "undisputed" amount of benefits he was entitled to constitutes a breach. As noted below, because this controversy is focused upon whether evidence of settlement negotiations are admissible evidence of liability, it is more in the nature of a motion in limine than a motion for summary judgment.

This scenario provides a textbook example of the purpose and application of Fed. R. Evid. 408. That rule provides that evidence of a party's "offering . . . to compromise" a "claim that was disputed as to validity or amount" is "not admissible . . . when offered to prove liability for . . . or [the] amount of" the disputed claim. Designed to encourage candid settlement discussions, the rule operates to permit parties to make offers and counter-offers in an attempt to resolve a dispute without fear that representations made during such settlement negotiations will be deemed to be "admissions" as to the party's liability for or the value of the disputed claim in subsequent litigation. *Reeder v. American Economy Ins. Co.*, 88 F.3d 892, 894-95 (10th Cir. 1996); *Bradbbury v. Phillips Petroleum Corp.*, 815 F.2d 1356, 1362-63 (10th Cir. 1987).

Owners' offer of $ 150,000 to Mr. Etherton was an offer by Owners to settle the entirety of Mr. Etherton's claim against it for that sum – a claim that Owners disputed at least with regard to amount, if not liability. Owners' January 19, 2010 letter to Mr. Etherton makes clear that Owners was aware that Mr. Etherton was seeking more than that sum from it, it had "serious questions of causation of Mr. Etherton's injuries," and doubts about his claimed wage loss. Nevertheless, it offered Mr. Etherton the $ 150,000 sum "in full and final settlement of a

disputed claim."

Mr. Etherton's argument that Owners' offer of the $ 150,000 constitutes an admission by Owners that its liability to him "undisputed" with regard to that amount is precisely what Rule 408 seeks to prevent. Under the rule, Owners was free to offer the $ 150,000 sum to settle the claim without thereafter being deemed to have conceded that it owed Mr. Etherton anything, much less $ 150,000. Accordingly, Mr. Etherton's contention that at least $ 150,000 of his claim against Owners is undisputed is based on evidence that is inadmissible for that purpose. [2]
In this regard, Mr. Etherton's argument in response to Owners' motion is without merit.

Mr. Etherton's argument in opposition to Owners' summary judgment motion is without merit, but that does not result in entry of summary judgment in favor of Owners. The breach of contract/bad faith breach claims are premised upon Owners' failure to pay Mr. Etherton all of the benefits to which he was entitled. Although Mr. Etherton is incorrect in contending that Owners has conceded that he is entitled to at least $ 150,000 in benefits, Mr. Etherton may ultimately prove at trial that he was entitled to payment of benefits that were not paid. Owners' does not

---

[2] This is not to say that Owners' offer is entirely irrelevant or inadmissible. Mr. Etherton posits the theory that Owners' offer was pulled "out of the blue," not based on Owners conducting a diligent analysis of the claim. Mr. Etherton argues that this evidences Owners' bad faith in the handling of the claim – *i.e.* that Owners does not conduct any meaningful analysis of its insured's claims or diligently examine the evidence. Arguably, this would reflect Mr. Etherton offering evidence of the statement as something other than an admission of liability or amount. Fed. R. Evid. 408(b). For example, Mr. Etherton might be offering the statement as circumstantial evidence of Owners' careless or arbitrary claims processing or assessment of an insured's claimed injuries. *See e.g. Bradbury*, 815 F.2d at 1363-64 (settlement offers may be admissible to show reckless conduct, lack of mistake, control, or intent). Although the Court has some doubt that such an argument would be persuasive in obtaining admission of the statement under Rule 408(b), *see Reeder*, 88 F.3d at 894, that is a determination that must await trial, where the proffer and its context can be fully evaluated.

challenge Etherton's ability to do so except in particular regard to evidence pertinent to the settlement negotiations. As a consequence, what Owners has characterized as a "summary judgment" motion is better viewed as a motion *in limine*, seeking to exclude Mr. Etherton from offering and relying upon evidence of Owners' settlement offer in support of his claims.

Accordingly, Owners' Motion for Summary Judgment **(# 23)** is **DENIED**, although the Court finds that Mr. Etherton's may not rely on Owners' offer of $ 150,000 as evidence that such sum was "undisputed[ly]" owed to him.

The parties' Joint Motion **(# 24)** pursuant to Fed. R. Evid. 702 should be noted by the Clerk as having been granted upon the Court's scheduling of a Rule 702 hearing. It appearing to the Court that the deadline for filing dispositive motions has passed, and the Court having ruled on all pending dispositive motions, it is necessary to schedule a Pretrial Conference and set the matter for trial. The parties are currently set for a Rule 702 hearing on November 17, 2011. At that time, the parties shall be prepared to schedule a Pretrial Conference.

Dated this 29th day of September, 2011

                                              **BY THE COURT:**

                                              *[signature: Marcia S. Krieger]*

                                              Marcia S. Krieger
                                              United States District Judge