IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00892-PAB-KLM

DONALD L. ETHERTON,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Amend or Alter Judgment Pursuant to F.R.C.P. 59(e) [Docket No. 110] filed by plaintiff Donald L. Etherton on February 11, 2013. The Court's jurisdiction is based on 28 U.S.C. § 1332(a)(1).

## I. BACKGROUND

Plaintiff brought this case against Owners Insurance Company ("Owners"), following a motor vehicle accident on December 19, 2007. Docket No. 70 at 4, ¶ 1. Plaintiff, who was injured in the accident, settled with the at-fault driver for $250,000. *Id*. at ¶ 4. Plaintiff then sought uninsured/underinsured motorist ("UIM") coverage from defendant, pursuant to an insurance policy with a $1,000,000 limit. Docket No. 70 at 4, ¶ 3. Defendant offered to settle the claim for $150,000. Docket No. 70 at 2. Plaintiff requested that defendant provide an explanation for the amount of the settlement offer and requested that defendant tender the $150,000 offer as the "undisputed" portion of his claim. Defendant refused both requests and this litigation followed. Docket No. 23

at 8.

Plaintiff filed this case in the District Court for the County of Boulder, Colorado, on March 9, 2010, alleging breach of contract, willful and wanton breach of an insurance contract, violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, and unreasonable delay or denial of an insurance claim in violation of Colo. Rev. Stat. §§ 10-3-1115, 1116.  Docket No. 1-2 at 4-10, ¶¶ 27-80. Defendant removed the case to this Court on April 21, 2010.  Docket No. 1.  On February 18, 2011, in response to defendant's motion for summary judgment [Docket No. 23], plaintiff voluntarily withdrew his claims for willful and wanton breach of contract and violation of the CCPA.  Docket No. 33.

Following a six-day trial beginning on January 14, 2013, the jury found in favor of plaintiff on his two remaining claims (breach of contract and violation of § 10-3-1115) and awarded him $1,382,000 in actual economic and non-economic damages.  Docket No. 109 at 2, ¶¶ 3-5.  The Court reduced this amount to $750,000, the coverage limit under plaintiff's insurance policy.  *See* Docket No. 109 at 2.  The Court then doubled this amount pursuant to Colo. Rev. Stat. § 10-3-1116(1) ("A first-party claimant . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.").  Thus, the Court awarded plaintiff a total of $1.5 million, in addition to reasonable attorney's fees and costs.  Docket No. 109 at 3.

Mr. Etherton filed the instant motion to alter or amend the Court's judgment on the grounds that § 10-3-1116 entitles him to recover damages on his breach of contract claim in addition to the statutory award of "two times the covered benefit."  Docket No.

2

110 at 2, ¶ 4.  In other words, Mr. Etherton believes that he is entitled to $2.25 million for the two claims.

## II.  STANDARD OF REVIEW

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Such a motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Clear error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Farr*, 701 F.3d 1274, 1286 (10th Cir. 2012).  An error is "manifest" if it is "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  BLACK'S LAW DICTIONARY 582 (8th ed. 2004).

Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  The decision to grant or deny a Rule 59 motion is committed to the Court's discretion.  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.

1997).

In construing a statute, Colorado courts "aim to ascertain and give effect to the intent of the General Assembly." *Dubois v. People*, 211 P.3d 41, 43 (Colo. 2009). "If the language in the statute is clear and the intent of the General Assembly may be discerned with reasonable certainty, it is not necessary to resort to other rules of statutory interpretation." *McKinney v. Kautzky*, 801 P.2d 508, 509 (Colo. 1990). "If, however, the language of the statute is ambiguous, or in conflict with other provisions, [courts] then look to legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme, to ascertain the correct meaning of a statute." *People v. Luther*, 58 P.3d 1013, 1015 (Colo. 2002).

### III.  ANALYSIS

Plaintiff argues that the award available under Colo. Rev. Stat. § 10-3-1116(1) constitutes a penalty, the amount of which is to be measured by the "covered benefit," but the nature of which is otherwise independent from a common law contract claim. Docket No. 128 at 2, ¶ 3 ("The benefit of the bargain under the contract and the statutory penalty are wholly separate things."). Defendant counters that the award available under § 10-3-1116(1) comprises both an award of damages on the underlying contract and a penalty in an amount equal to such contract damages. Docket No. 122 at 5 ("the plain language of the second sentence of § 10-3-1116(4) precludes the Plaintiff from recovering the covered benefit again under his breach of contract claim").

In support of their contentions, both parties cite the plain language of the statute, which provides, in pertinent part:

> (1) A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit. . . .
>
> (4) The action authorized in this section is in addition to, and does not limit or affect, other actions available by statute or common law, now or in the future. Damages awarded pursuant to this section shall not be recoverable in any other action or claim.

Colo. Rev. Stat. § 10-3-1116(1), (4). Plaintiff argues that this language does not exclude recovery on a parallel breach of contract claim and, in fact, invites such a recovery by stating that this section "does not limit or affect[] other actions available by statute or common law." Docket No. 110 at 6, ¶¶ 15-16; *see also Kisselman v. Am. Family*, 292 P.3d 964, 972 (Colo. App. Dec. 8, 2011) (stating that § 10-3-1115 creates a new private right of action "in addition to and different from common law bad faith claims").

Defendant counters that the use of the phrase "covered benefit" in § 10-3-1116(1) indicates that damages for breach of contract are included in the statutory award. Docket No. 122 at 5 ("In order to accept Plaintiff's position on this issue, the Court would be required to determine that the term 'covered benefit' as used in § 10-3-1116(1) means something other than the benefits for which the policy provides coverage (i.e., the damages to which Plaintiff would be entitled for succeeding on his breach of contract claim)."). Defendant relies on the second sentence of § 10-3-1116(4), arguing that, since there are no other claims that provide for recovery of double the covered benefit, this sentence can only refer to claims awarding the covered benefit itself, such as a breach of contract claim. Docket No. 122 at 5-7.

Other courts interpreting this language have come to conflicting conclusions.

The Colorado Court of Appeals held in *Mahoney v. Am. Family Mutual Ins. Co.*, 2012 WL 4711921 (Colo. App. Oct. 4, 2012) [Docket No. 128-1 at 3] that "10-3-1116(1) provides for an award of two times the covered benefit on statutory bad faith claims, regardless of whether an insurer paid the covered benefits by the time of trial." In reaching this conclusion, the court relied in part on *Rabin v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107 (D. Colo. 2012). In *Rabin*, the court reasoned that:

> [N]owhere does the section state that "two times the covered benefit" shall include or account for those benefits already paid or sought in another claim. Nor does it state that an insured-plaintiff's total recovery is capped at two times the amount of covered benefits or that the court must subtract from the section 1116 verdict any benefits already paid or awarded elsewhere. Section 1116 prescribes what a plaintiff may recover under a claim brought thereunder, not what a plaintiff may be left with after aggregating a section 1116 award, other claims, and prior payments. . . .
>
> Section 1116(4) bolsters my determination. It states that "[t]he action authorized in this section is in addition to, and does not limit or affect, other actions available by statute or common law, now or in the future. Damages awarded pursuant to this section shall not be recoverable in any other action or claim." Colo. Rev. Stat. § 10-3-1116(4) (emphasis added). Section 1116 thus explicitly contemplates and countenances that an insured may simultaneously bring a breach of contract claim to recover certain benefits he was denied and a section 1116 claim for double those benefits if they were unreasonably denied, a question to be resolved at trial, resulting in the insured potentially receiving three times those benefits. Allowing an insured to sue for two times those benefits that were paid but were unreasonably delayed does not seem inconsistent.

*Id*. at 1111-112.

In contrast, the court in *Williams v. Am. Family Ins. Co.*, 2013 WL 655720 (Dist. Ct. Colo. Jan. 25, 2013) [Docket No. 122-2 at 4] concluded that, "because C.R.S. § 10-3-1116(1) authorizes the recovery of the covered benefit itself (as well as an additional sum equal to the amount of the covered benefit), C.R.S. § 10-3-1116(4) precludes

Plaintiff from also recovering the amount of the covered benefit in his UIM claim." *See also Thompson v. Am. Nat'l Prop. & Cas. Co.*, No. 11-cv-7221 (Dist. Ct. Colo. Oct. 23, 2012) [Docket No. 122-2 at 2, ¶ 1] ("under Plaintiff's section 1116 claim, Plaintiff may recover two times the covered benefit and not two times the covered benefit plus the benefit itself").

The Court finds the logic of *Rabin* to be persuasive and concludes that the phrase "covered benefit" as used in § 10-3-1116(1) does not incorporate the amount of contract damages into the amount plaintiff can recover, but rather uses the covered benefit as a unit for measuring the amount of the penalty. *Rabin*, however, does not address the second sentence of § 10-3-1116(4), which, as defendant points out, must be analyzed. *See* Docket No. 122 at 5-7. The Court rejects defendant's reading of this sentence as barring recovery on a parallel breach of contract claim because this interpretation is at odds with the first sentence of § 10-3-1116(4). Instead, the Court reads the plain language of § 10-3-1116(4) as barring the recovery of *both* penalty damages under § 10-3-1116 *and* penalty or punitive damages on another claim, for example, on a claim for common law bad faith breach of contract or for violation of the CCPA, where both claims arise from the same breach of an insurance contract. Such a reading is consonant with the nature of § 10-3-1116 as a penalty statute and accounts for all of its provisions, thus "giv[ing] effect to the intent of the General Assembly."[1] *Dubois*, 211 P.3d at 43.

---

[1] The Court has reviewed the legislative history of Colo. Rev. Stat. § 10-3-1116 and has found nothing relevant to resolving this dispute. *See, e.g.*, Docket Nos. 132, 136, and 137.

7

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Amend or Alter Judgment Pursuant to F.R.C.P. 59(e) [Docket No. 110] filed by plaintiff Donald L. Etherton is GRANTED. It is further

**ORDERED** that the Court's Final Judgment [Docket No. 109] is amended to award plaintiff damages in the amount of $2,250,000.00, in addition to costs and attorney's fees.

DATED September 30, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge