IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00892-PAB-KLM

DONALD L. ETHERTON,

  Plaintiff,

v.

OWNERS INSURANCE COMPANY, a Michigan insurance company,

  Defendant.

---

# ORDER

---

  This matter is before the Court on plaintiff's Affidavit of Attorneys Fees and Costs [Docket No. 111][1] and plaintiff's Motion to Supplement Request for Reasonable Fees and Costs Pursuant to Colo. Rev. Stat. § 10-3-1116 [Docket No. 150].

## I.  BACKGROUND

  Plaintiff Donald L. Etherton brought this case against defendant Owners Insurance Company ("Owners") following a motor vehicle accident on December 19, 2007.  Docket No. 70 at 4, ¶ 1.  Plaintiff, who was injured in the accident, settled with the at-fault driver for $250,000.  *Id*. ¶ 4.  Plaintiff then sought uninsured/underinsured motorist ("UIM") coverage from defendant, pursuant to an insurance policy with a $1,000,000 limit.  Docket No. 70 at 4, ¶ 3.  Defendant offered to settle the claim for $150,000. Docket No. 70 at 2.  Plaintiff requested that defendant provide an

---

[1]The court construes plaintiff's Affidavit of Attorneys Fees and Costs as a motion for attorneys' fees.

explanation for the amount of the settlement offer and requested that defendant tender the $150,000 offer as the "undisputed" portion of his claim.  Defendant refused both requests and this litigation followed.  Docket No. 23 at 8.

Plaintiff filed this case in the District Court for the County of Boulder, Colorado, on March 9, 2010, alleging breach of insurance contract, willful and wanton breach of insurance contract, deceptive trade practices, and unreasonable delay or denial of an insurance claim in violation of Colo. Rev. Stat. §§ 10-3-1115, 1116.  Docket No. 1-2 at 4-10, ¶¶ 27-80.  Defendant removed the case to this Court on April 21, 2010.  Docket No. 1.

On January 14, 2013, the Court began a six-day jury trial on plaintiff's claims for breach of contract and unreasonable delay or denial of benefits under Colo. Rev. Stat. § 10-3-1116.  Docket No. 100.  On January 24, 2013, the jury returned a verdict in favor of plaintiff on both of his claims.  Docket No. 106-1 at 2.

On February 14, 2013, plaintiff's counsel, Chad Hemmat, filed an Affidavit of Attorneys Fees and Costs.  Docket No. 111.  The affidavit was not accompanied by a formal motion.  *See id.*  Mr. Hemmat noted in his affidavit that plaintiff's counsel "did not undertake contemporaneous billing and has accordingly gone back through and given his best good faith effort of the time and charges."  *Id.* at 2, ¶ 5.  Plaintiff's affidavit sought $193,200.00 in attorneys' fees for the work of three attorneys: Mr. Hemmat (365.5 hours at $300 per hour), Ethan McQuinn (411.75 hours at $200 per hour), and Andrew Phillips (6 hours at $200 per hour).[2]  *See id.* at 2-7.  Additionally, plaintiff sought

---

[2]Plaintiff's stated request is for $193,800.00 in attorneys' fees.  *See* Docket No. 111 at 7.  However, the Court notes three instances – on December 21, 2012 (*id.* at 4),

$58,396.75 in costs. *Id.* at 10.  Defendant opposed plaintiff's request for fees, arguing

that it was procedurally improper and that plaintiff did not provide adequate

documentation for either the hours billed or the costs claimed.  *See* Docket No. 121.

Plaintiff also filed a Motion to Supplement Request for Reasonable Fees and

Costs Pursuant to Colo. Rev. Stat § 10-3-1116 [Docket No. 150].  In his motion, plaintiff

requests that the Court grant the fees sought in his earlier affidavit, and also seeks

additional attorney's fees that he incurred briefing multiple post-trial motions, including

plaintiff's successful Motion to Amend or Alter Judgment, Docket No. 110, and

defendant's Motion for New Trial.  Docket No. 117.  The supplemental motion seeks an

additional $13,170.00 in fees for the work of two attorneys: Mr. McQuinn (19.5 hours at

$200 per hour), and Jason Alleman (46.35 hours at $200 per hour).[3]  In response to the

supplemental motion, Owners incorporates by reference its arguments in response to

plaintiff's affidavit, and seeks limited discovery and an evidentiary hearing on the issue

of recoverable costs and attorney fees.  *See* Docket No. 154 at 1.

## II.  ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is

---

August 11, 2011 (*id.* at 5), and January 7, 2013 (*id*. at 7) – where plaintiff mistakenly
applied a $300 per hour billing rate to Mr. McQuinn's time entries rather than the $200
per hour that plaintiff claims as Mr. McQuinn's reasonable billing rate.  These three
entries claim six hours at the $300 rate.  Applying Mr. McQuinn's requested $200 rate,
therefore, reduces plaintiff's claimed award by $600.00.

[3]Plaintiff's motion seeks an award of $58,396.75 in court costs.  Docket No. 111
at 10.  On January 26, 2015, the Court issued a minute order construing the portion of
plaintiff's Affidavit of Attorney Fees and Costs seeking taxation of costs as a bill of costs
and referred it to the Clerk of the Court.  Docket No. 170.  Since plaintiff's bill of costs
has been referred to the Clerk of the Court, plaintiff's request for costs is moot.

3

the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010).

Plaintiff seeks attorneys' fees pursuant to Colo. Rev. Stat. § 10-3-1116(1), which provides: "A first-party claimant as defined in section 10-3-1115[4] whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

Owners does not contest that plaintiff is a first-party claimant as defined by Colo. Rev. Stat. § 10-3-1115 and does not deny that plaintiff is entitled to attorneys' fees as the prevailing party in an action brought pursuant to Colo. Rev. Stat. § 10-3-1116. Instead, Owners argues that plaintiff's motion is procedurally defective and that the hours claimed by plaintiff are not supported by adequate evidence.  The Court addresses each of Owners' arguments in turn.

### A.  Failure to Comply With Rule 54(d)

Defendant argues that plaintiff's request for attorneys' fees is procedurally defective because plaintiff submitted only an affidavit as opposed to a motion, as required by Fed. R. Civ. P. 54(d)(2)(A).  Docket No. 121 at 2.  The Court disagrees. Rule 54's requirement that a claim for attorneys' fees be made by motion does not

---

[4]Section 10-3-1115(1)(b)(I) defines a "first-party claimant" as "an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy.  'First-party claimant' includes a public entity that has paid a claim for benefits due to an insurer's unreasonable delay or denial of the claim."

apply to "an action in which the substantive law provided for the recovery of . . . attorney fees." *Audi AG v. D'Amato*, 2007 WL 313537 at *2 (E.D. Mich. Jan. 30, 2007).  Under Colo. Rev. Stat. § 10-3-1116(1), attorneys' fees are a component of damages.  *Hall v. Am. Standard Ins. Co. of Wisc.*, 292 P.3d 1196, 1200 (Colo. App. 2012).  "[T]he only factual finding the jury must make with respect to plaintiff's statutory claim is whether the covered benefit was unreasonably delayed or denied."  *Toy v. Am. Family Mut. Ins. Co.*, No. 12-cv-01683-PAB-MJW, 2014 WL 486173 at *1 (D. Colo. Feb. 6, 2014).  After the jury makes its determination of liability in a Section 10-3-1116(1) claim, the Court awards reasonable attorneys' fees.  *See Hall*, 292 P.3d at 1201.  Here, the Court awarded attorneys' fees in an unspecified amount in its final judgment.  *See* Docket No. 141 at 3.  Plaintiff's post-judgment affidavit is procedurally sufficient, and plaintiff was not required to file a motion pursuant to Rule 54(d) seeking fees to which plaintiff was already entitled by the Court's final judgment.  *See Audi AG*, 2007 WL 313537 at *2 (where a court awarded attorneys' fees based on the substantive law, a post-judgment declaration of attorneys' fees and costs was sufficient to enable the court to judge the reasonableness of the fees claimed).

## B.  Failure To Keep Contemporaneous Records

Defendant argues that plaintiff's request for fees should be denied or reduced substantially because plaintiff's counsel, by their own admission, did not keep contemporaneous time records, and the number of hours worked are based on counsel's "best estimation of time and charges."  Docket No. 121 at 3.

A party seeking an award of attorneys' fees must establish the reasonableness

of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). The Tenth Circuit does "not forbid . . . the use of reconstructed time records and do[es] not demand that the reconstructed hours be arbitrarily reduced." *Ramos v. Lamm*, 713 F.2d 546, 553, n.2 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987). Nonetheless, since "reconstructed records generally represent an overstatement or understatement of time actually expended," courts are instructed to "give special scrutiny to any reconstructions or estimates of time expended and make reductions when appropriate." *Id.* In determining whether the fees claimed are reasonable, "a district court may discount requested attorney hours if the attorney fails to keep meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citing *Ramos*, 713 F.2d at 553) (internal quotations omitted).

"Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed." *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). "There is no requirement . . . that district courts identify and justify each disallowed hour," and the Court may rely on its "experience and judgment, including knowledge of the case itself," to determine whether the claimed hours are reasonable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202-03 (10th Cir. 1986).

The Court finds that a denial of fees altogether would be inappropriate in this case, given that plaintiff sought and was awarded attorneys' fees and that plaintiff indisputably brought the case to trial and achieved a favorable verdict. Because plaintiff's counsel's records are reconstructed based on estimates, however, the Court will give "special scrutiny" to them and will "make reductions when appropriate." *Ramos*, 713 F.2d at 553, n.2.

### C. Time Spent On Unsuccessful Claims

Defendant argues that the Court should strike any entries relating to plaintiff's claims for willful and wanton breach of contract and violation of the Colorado Consumer Protection Act, because defendant prevailed on those claims at summary judgment and plaintiff's billing records do not allow the Court to determine how much time was spent on the claims on which plaintiff ultimately prevailed. The Court agrees. The two claims, which plaintiff voluntarily withdrew in response to Owners' motion for summary judgment,[5] were not inextricably intertwined with the claims on which plaintiff prevailed, as the former claims were dismissed before pre-trial preparation began and there is no indication that counsel's work at trial was based on or related to the summary judgment motion. In addition, Owners prevailed on all three arguments asserted in its motion for summary judgment. *See* Docket No. 41 at 3, 5 (order stating that plaintiff was voluntarily dismissing two of his claims, recharacterizing Owners' motion for summary judgment as a motion in limine, and granting Owners' request that plaintiff be barred from offering evidence of the settlement offer in support of his claims). Furthermore,

---

[5]*See* Docket No. 41 at 3.

plaintiff's affidavit delineates time spent on the motion for summary judgment and thus it is straightforward to distinguish this time from that spent on plaintiff's prevailing claims.  Docket No. 111 at 5.  Thus, the Court will deny fees explicitly linked to the motion for summary judgment.  This results in a reduction of nineteen hours of Mr. McQuinn's time.  *See id.* (billing eight hours to summary judgment motion on January 18, 2011, ten hours on February 18, 2011, and one hour on September 29, 2011).

### D.  Amount of Attorneys' Fees

#### 1.  Hours Expended

In determining the reasonableness of the hours expended, a court considers several factors.  First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client.  *See Ramos*, 713 F.2d at 554.  Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Id.*  A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering.  *Id.*  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple

attorneys when one would suffice.  *Ramos*, 713 F.2d at 554.  Ultimately, the Court's

goal is to fix a fee that would be equivalent to what the attorney would reasonably bill

for those same services in an open market and fees will be denied for excessive,

redundant, and otherwise unnecessary expenses.  *Id.* at 553.  The burden is on the

party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*

*v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir.

1998).

        In reviewing plaintiff's Affidavit of Attorney Fees and Costs, Docket No. 111, the

Court is concerned about plaintiff's blanket estimates for work of a certain type.  For

instance, plaintiff's counsel claims eight hours for all but one of the days that plaintiff's

counsel billed for "Focus Group Preparation - Trial Preparation," *id.* at 2, with no

explanation of why each focus group session took exactly the same amount of time.

The Court will reduce each eight-hour entry for "Focus Group Preparation" between

December 29, 2012 and January 5, 2013 by two hours, resulting in a total reduction of

twelve hours of Mr. Hemmat's time and four hours of Mr. McQuinn's time.  For the

remainder of the trial, the Court finds counsel's estimates of ten hours per day of trial

preparation and twelve hours per day per attorney to be reasonable, particularly in light

of the fact that counsel billed for only a single attorney's time for off-day trial

preparation.  The Court finds, however, that the January 24, 2013 entry of six hours of

Mr. Hemmat's time for the seventh day of trial and waiting for a jury verdict is

unreasonable.  A review of the transcript shows that the Court was in session from 2:40

p.m. to 2:50 p.m. on January 24, 2013 for the sole purpose of reading the jury's verdict.

*See* Docket No. 168.  The Court finds that waiting for a jury verdict for that length of time, as opposed to working on other matters during the wait, is not reasonable.  Thus, the Court reduces the entry for January 24, 2013 from six hours to two hours.

The Court has reviewed the remainder of the affidavit and makes the following reductions:

- December 22, 2010: 20 hours of Mr. McQuinn's time for "Preparation and attendance of Deposition Ted Bain, M.D. (out-of-state)[.]"  *Id.* at 4.  The Court notes that this entry is eight hours longer than plaintiff claims for any other deposition in this matter, including other out-of-state depositions.  *See id.*  Although the Court recognizes that depositions vary in scope and complexity, plaintiff has not provided any justification for the substantial discrepancy between this deposition and all others in this matter.  The Court reduces this entry to twelve hours.

- September 30, 2011: five hours of Mr. McQuinn's time for "Review[ing] transcript from first half of FRE 702 Hearing and telephone call with client."  *Id.* at 5.  The Court finds that five hours billed for reviewing and discussing a transcript with plaintiff is unreasonable, particularly since Mr. McQuinn billed the same amount of time for attending the hearing itself.  *See id.*  The Court reduces this entry to two and a half hours.

- November 17, 2011: five hours of Mr. McQuinn's time for attending continued Rule 702 hearing.  Docket No. 111 at 6.  The minutes from this hearing show that the hearing lasted two hours and 32 minutes.  Docket No. 43 at 2.  By contrast, the first session of the Rule 702 hearing, for which Mr. McQuinn and Mr. Hemmat each billed five hours, lasted a total of four hours and 21 minutes.  Docket No. 39 at 3.  The Court reduces this entry to three hours.

- Date unspecified: 150 hours of Mr. McQuinn's time for reading and responding to 321 emails from plaintiff.  Docket No. 111 at 7.  This estimates nearly half an hour for each email read and responded to.  The Court finds this to be unreasonable and reduces this entry to 53.5 hours, or ten minutes per email read or responded to.

In sum, the Court reduces plaintiff's request for attorneys' fees by 16 hours of Mr. Hemmat's time and 132 hours of Mr. McQuinn's time.  The Court has further reviewed plaintiff's Affidavit of Additional Post Trial Attorney Fees and Costs, Docket

No. 150-1, and finds the time claimed therein to be reasonable for the tasks performed, in light of the substantial post-judgment briefing in this action.

### 2. Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy his burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Here, plaintiff claims a rate of $300 per hour for Mr. Hemmat and $200 per hour for Mr. McQuinn, Mr. Phillips, and Mr. Alleman. Plaintiff claims that the fees with respect to Mr. Hemmat and Mr. McQuinn are reasonable in light of their experience (22 and eight years, respectively). Docket No. 125 at 6. Plaintiff does not provide information about Mr. Phillips' or Mr. Alleman's levels of experience, though Mr. Alleman is described as a "senior associate." Docket No. 150-1 at 1-2.

The Court finds that the requested rates are reasonable, given the experience of the attorneys, the nature of the case, and the prevailing market rates in the local market. *See Hitchens v. Thompson Nat'l Properties, LLC*, No. 12-cv-02367-LTB-BNB,

11

2014 WL 2218094, at *2 (D. Colo. May 29, 2014) (reasonable for Denver attorney with eight years of experience to charge $250 per hour and for attorneys with twenty years of experience to charge $405 per hour); *see also Scott v. City and Cnty. of Denver*, No. 12-cv-00053-MSK-BNB, 2014 WL 287558, at *2 (D. Colo. Jan. 27, 2014) ("the prevailing rates in Denver for experienced litigators approach $400 per hour in recent years" and associates with eight years of experience in the Denver metro area charge between $150 and $260 per hour).

### 3. Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorneys' fee request is $175,170.00 for 349.5 hours of Mr. Hemmat's time at a rate $300 per hour, and 299.25 hours of Mr. McQuinn's time, 46.35 hours of Mr. Alleman's time, and 6 hours of Mr. Phillips' time at a rate of $200 per hour each. This fee award is reasonable given the issues presented in this case and is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys. *Blum*, 465 U.S. at 893-84.

### E.  Request for Evidentiary Hearing

Owners requests that, if the Court permits plaintiff to supplement his affidavit to include additional documentation, it also permit additional discovery on the issue of costs and fees. Docket No. 121 at 8. As the Court has not relied on any additional documentation,[6] this request will be denied. Owners also requests "a hearing on the

---

[6]The Court notes that plaintiff's supplemental motion is not the type of documentation that Owners' discovery request contemplates. The supplemental motion seeks recovery of additional fees and costs incurred after plaintiff filed his original affidavit of attorneys' fees. It is not documentation of the fees and costs that

issue of recovery of costs and fees, wherein Defendant intends to present expert testimony on the reasonableness of the amounts sought by Plaintiff." *Id.* In light of the Supreme Court's directive to avoid turning a request for attorney's fees into "a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and in the absence of any explanation on the part of Owners as to why it could not present expert opinion in conjunction with its filed response, the Court denies this request.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Donald L. Etherton's Affidavit of Attorneys' Fees [Docket No. 111] is **GRANTED** in part.  It is further

**ORDERED** that plaintiff Donald L. Etherton's Motion to Supplement Request for Reasonable Fees and Costs Pursuant to Colo. Rev. Stat. § 10-3-1116 [Docket No. 150] is **GRANTED** in part.  It is further

**ORDERED** that plaintiff Donald L. Etherton is awarded $175,170.00 in attorneys' fees.  It is further

**ORDERED** that plaintiff's request for $58,396.75 in court costs is **DENIED** as moot.

---

plaintiff sought in the original affidavit.

DATED March 2, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge