IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00892-PAB-KLM

DONALD L. ETHERTON,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, a Michigan insurance company,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Motion to Amend or Alter Judgments for Costs and Attorneys' Fees Pursuant to Rule 59(e) [Docket No. 174] filed by defendant Owners Insurance Company ("Owners").

Plaintiff Donald L. Etherton brought this case against Owners following a motor vehicle accident on December 19, 2007.  Docket No. 70 at 4, ¶ 1.  On January 24, 2013, after a six-day jury trial on plaintiff's claims for breach of contract and unreasonable delay or denial of benefits under Colo. Rev. Stat. § 10-3-1116, the jury returned a verdict in favor of plaintiff on both of his claims.  Docket No. 106-1 at 1.  On April 28, 2014, Owners filed a Notice of Appeal.  Docket No. 147.  Owners' appeal is currently pending with the United States Court of Appeals for the Tenth Circuit.  *See Etherton v. Owners Insurance Company*, No. 14-1164 (10th Cir., filed Apr. 29, 2014).

On February 25, 2015, the Clerk of the Court awarded plaintiff costs in the amount of $18,954.01.  Docket No. 172.  On March 2, 2015, the Court entered an order

awarding plaintiff $175,170 in attorneys' fees. Docket No. 173.

Owners asks the Court to vacate the February 26, 2015 Bill of Costs and the Court's order awarding attorneys' fees and to issue an order stating that such awards shall take effect after the Tenth Circuit issues its ruling on Owners' appeal. Docket No. 174 at 1. Owners argues that judicial economy will be served by an order staying the Court's award of fees and costs because, in the absence of such an order, Owners would have to file a separate appeal of the Court's award of fees and costs, which would require both parties to expend resources unnecessarily. Docket No. 174 at 3-4. Plaintiff does not oppose Owners' motion and states that, under Colorado law, plaintiff will be entitled to additional attorneys' fees should plaintiff successfully defend against Owners' appeal. Docket No. 175 at 2 (citing *Melssen v. Auto-Owners Ins. Co.*, 285 P.3d 328, 339-40 (Colo. App. 2012)).

Relief under Rule 59(e) is warranted where a party can show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Owners does not identify any change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. Instead, Owners relies on judicial economy, namely, the economy of foregoing the need for the parties to separately brief an appeal of the Court's award of fees and costs. *See* Docket No. 174 at 3-4.[1] Owners, however, did not appeal the

---

[1] Owners erroneously states that its deadline to file an appeal of the Court's order was April 13, 2015, "forty-five days from the date of" the judgments at issue. Docket No. 174 at 2, ¶ 5. Owners evidently arrived at April 13, 2015 as its appellate deadline based on the assumption that its appeal was due forty-five days after the Clerk of the

Court's award of attorneys' fees; therefore, Owners' judicial economy argument is moot. Furthermore, the Court declines plaintiff's invitation to vacate the Court's award of attorneys' fees due to the possibility that plaintiff may seek additional fees for litigating Owners' appeal.  If plaintiff believes, at some point in the future, that he is entitled to further fees, plaintiff may file a motion at that time.

Because the Court sees no justification to alter or amend its award of attorneys' fees and costs in this case, it is

**ORDERED** that defendant Owners Insurance Company's Motion to Amend or Alter Judgments for Costs and Attorneys' Fees Pursuant to Rule 59(e) [Docket No. 174] is **DENIED**.

DATED February 22, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

Court entered the Bill of Costs on February 25, 2015.  Owners is mistaken.  First, review of a bill of costs is conducted by the Court and is not subject to immediate appeal.  Fed. R. Civ. P. 54(d)(1) ("On motion served within [7 days after taxation of costs], the court may review the clerk's action").  Second, the deadline to appeal a judgment or order, absent certain exceptions not applicable here, is "30 days after entry of the judgment or order appealed from," Fed. R. App. P. 4(a)(1)(A), not forty-five days.  Owners' actual deadline to appeal the Court's award of fees was April 1, 2015, 30 days after the Court's March 2, 2015 Order.  The Court further notes that Owners did not bring its motion until approximately one week before its deadline to file a notice of appeal and plaintiff's timely response to Owners' motion was therefore not filed until after Owners' deadline had elapsed.  *See* Docket No. 175.